1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCUS TRAMEINE CRUMB,

11              Petitioner,              No. CIV S-11-0766 CKD P

12        vs.

13   MICHAEL MARTEL[1],               ORDER &

14              Respondent.          FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a

17   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's

18   motion to dismiss the petition.  Petitioner has filed an opposition to that motion and respondent

19   has filed a reply.  For the reasons discussed below, the undersigned will recommend that

20   respondent's motion to dismiss be granted.

21   ////

22   ////

23   _____

24        [1] In the instant action, petitioner has named Wong as respondent.  Respondent requests
     the substitution of Michael Martel, the current Acting Warden of San Quentin State Prison, as the
     correct respondent in this matter.  See Stanley v. California Supreme Court, 21 F.3d 359, 360
25   (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody
     of him or her as the respondent to the petition.").  Accordingly, the court now substitutes in the
26   correct respondent.

BACKGROUND

On September 7, 1992, pursuant to a guilty plea in the San Joaquin County Superior Court, petitioner was convicted of robbery with the use of a weapon and sentenced to a state prison term of five years.  (Dkt. No. 1 ("Ptn.") at 2.)  Aside from the petition itself, petitioner has submitted no documents pertaining to his 1992 conviction and sentence.  Respondent states that he "is informed and believes that any direct or collateral review documents Petitioner may have filed in regard to the 1992 conviction are unavailable."  (Dkt. No. 14 ("Mtn.") at 4.)

On November 8, 1996, petitioner was convicted in the San Joaquin County Superior Court of being a convicted felon in possession of a weapon.  (Cal. Penal Code § 12021(a).)  The jury found true three prior felony convictions for robbery pursuant to the Three Strikes Law.  (Cal. Penal Code §§ 667(d), 1170.12(b).)  Petitioner was sentenced to an indeterminate state prison term of twenty five years to life.  (Resp't's Lod. Doc. 2 ("Opinion").)

On October 27, 1997, the California Court of Appeal, Third Appellate District, affirmed the 1996 judgment.  (Id.)  Petitioner sought review in the California Supreme Court which was denied on February 18, 1998.  (Resp't's Lod. Docs. 3-4.)

On February 22, 1999, petitioner filed a federal habeas petition challenging his 1996 conviction and sentence in Crumb v. Hubbard, No. Civ. S-99-0327 FCD GGH P (E.D. Cal.).  (Resp't's Lod. Docs. 23.)  Petitioner's federal petition raised the following claims: 1) improper shackling; 2) denial of right to compulsory process when prosecutor refused to disclose location of a witness; 3) ineffective assistance of counsel; and 4) sentence violates Eighth Amendment.  (Resp't's Lod. Doc. 25.)  On February 3, 2000, the district court entered judgment adopting findings and recommendations denying the petition on the merits.[2]  (Resp't's Lod. Doc.

---

[2] A disposition is "on the merits" if the district court either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir.2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir.1990)).

2

1    25-26.)

2              Between May 2001 and August 2010, petitioner filed nine state habeas petitions

3    challenging his 1996 conviction and sentence, the last of which was denied on January 25, 2011.

4    (Resp't's Lod. Docs. 5-22.)

5              On September 2, 2010, petitioner constructively filed the instant federal petition

6    challenging his 1992 conviction based on his guilty plea to robbery with use of a weapon. (Ptn.)

7    The gravamen is that petitioner's 1992 guilty plea, which petitioner now believes was obtained in

8    violation of his constitutional rights, resulted in petitioner's receiving a 25-years-to-life sentence

9    under the Three Strikes Law when he was convicted of another felony in 1996.  Petitioner asserts

10   that "had the courts made petitioner aware of the full consequences of his plea, he would have

11   not pled no contest, but went to trial instead" as he was "in fact innocent of two of the robber[ies]

12   and had just took the fall for them all to protect his brother and friend." (Id. at 7, 9.)  Petitioner

13   states that, when he pled guilty to robbery in 1992, "he was aware he'd do a couple years but not

14   aware he'd suffer a 25 years to Life sentence for any felony in the near or distant future." (Id. at

15   8.)  Petitioner states he "has been seeking relief since the day he was sentenced unknowingly to

16   25 years to life under the Three Strikes Law." (Id. at 9.)

17                                    MOTION TO DISMISS

18              Because the instant petition was filed after April 24, 1996, the effective date of the

19   Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this

20   proceeding.  Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008; Furman v.

21   Wood, 190 F.3d 1002, 1004 (9th Cir.1999).

22              In his August 5, 2011 motion to dismiss, respondent argues that the petition –

23   filed 18 years after the challenged 1992 conviction and 14 years after the 1996 conviction and

24   sentence pursuant to the Three Strikes Law – is time-barred under AEDPA's one-year statute of

25   limitations for filing a federal habeas action.  (Dkt. No. 14 ("Mtn.").)  Petitioner argues that he is

26   entitled to a later trigger date of the AEDPA limitations period because the California Supreme

1   Court and/or United States Supreme Court recently created new rules of constitutional law that

2   apply to petitioner's case.  (Dkt. No. 16.)  Nothing in petitioner's opposition persuasively

3   suggests that his challenge to an 18-year-old conviction and/or 14-year-old sentence is not time-

4   barred.  However, in the interest of judicial economy, the court will forego a statutory tolling

5   analysis and recommend that the petition be dismissed on alternative grounds.

6           In his motion, respondent observes that "[p]etitioner seems to be arguing that his

7   [1996] sentence was impermissibly enhanced due to the unconstitutionality of his prior

8   conviction."  (Id. at 6.)  Under this interpretation, which the undersigned finds reasonable, the

9   petition should be dismissed because the 1992 conviction is "conclusively valid" under Supreme

10  Court precedent.

11          The United States Supreme Court has held that, in general, habeas relief is not

12  available to petitioners who challenge a fully expired conviction used to enhance a subsequent

13  sentence in a petition brought under 28 U.S.C. § 2254:

14              [O]nce a state conviction is no longer open to direct or collateral
                attack in its own right because the defendant failed to pursue those
15              remedies while they were available (or because the defendant did
                so unsuccessfully), the conviction may be regarded as conclusively
16              valid. If that conviction is later used to enhance a criminal
                sentence, the defendant generally may not challenge the enhanced
17              sentence through a petition under § 2254 on the ground that the
                prior conviction was unconstitutionally obtained.

18

19  Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394, 403–04 (2001) (citation omitted).  In

20  Lackawanna, the Court recognized only two limited exceptions to this general rule: (1) when the

21  alleged constitutional violation in the prior criminal proceeding concerns the failure to appoint

22  counsel in violation of the Sixth Amendment; and (2) when the defendant was not at fault for the

23  delay in seeking relief from the prior conviction, either because the state court refused to rule on

24  the constitutional issue, or the defendant has since obtained compelling evidence of actual

25  innocence that could not have been uncovered in a timely manner.  Id. at 404–06.  Here, the first

26  exception clearly does not apply in this case, and nothing in the record before the court suggests

1    that the second applies either.  Thus, petitioner's challenge to the constitutionality of his 1992

2    conviction should be dismissed under Lackawanna.  See, e.g., Williams v. Hill, CIV S-11-1503

3    LKK KJN P, 2011 WL 5103088 at *7 (E.D. Cal. Oct. 25, 2011) (recommending dismissal of

4    petition challenging 1992 conviction under Lackawanna, as neither exception applied).

5         Moreover, insofar as the petition can be construed as challenging petitioner's

6    1996 sentence pursuant to the Three Strikes Law, the petition must be dismissed as successive.

7    Under the AEDPA, a federal court must dismiss a second or successive petition that raises the

8    same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second

9    or successive petition raising a new ground unless the petitioner can show that 1) the claim rests

10   on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously

11   discoverable through due diligence, and the new facts establish by clear and convincing evidence

12   that but for the constitutional error, no reasonable factfinder would have found the applicant

13   guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

14        Here, petitioner's first federal habeas challenge to his 1996 conviction and

15   sentence was dismissed on the merits on February 3, 2000.  The instant petition raises a new

16   ground to challenge petitioner's 1996 sentence, and is therefore subject to the requirements of

17   § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a successive

18   petition meets these requirements.  Section 2244(b)(3)(A) provides, "Before a second or

19   successive application permitted by this section is filed in the district court, the applicant shall

20   move in the appropriate court of appeals for an order authorizing the district court to consider the

21   application."  In other words, a petitioner must obtain leave from the Ninth Circuit before he or

22   she can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651,

23   656–657 (1996).  This court must dismiss any claim presented in a second or successive habeas

24   corpus application under section 2254 unless the Court of Appeals has given petitioner leave to

25   file the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been characterized as jurisdictional.

26   Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir.

1   2001).

2        Thus, even putting aside the petition's <u>Lackawanna</u> problem, petitioner has not

3   obtained prior leave from the Ninth Circuit to file a successive petition attacking his 1996

4   sentence.  Accordingly, this court has no jurisdiction to consider petitioner's renewed application

5   for relief from that sentence under section 2254 and must dismiss the petition.  See Felker v.

6   Turpin, 518 U.S. 651, 656–57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274

7   F.3d 1270, 1274.  If petitioner desires to proceed in bringing this petition for writ of habeas

8   corpus, he must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244(b)(3).

9        For the foregoing reasons, the undersigned will recommend that the petition be

10  dismissed.

11       Accordingly IT IS HEREBY ORDERED that the Clerk of Court is to substitute

12  Michael Martel, Acting Warden of San Quentin State Prison, as respondent in the docket of this

13  case.  The Clerk of Court shall assign a district judge to this case.

14       IT IS HEREBY RECOMMENDED that:

15       1. Respondent's August 5, 2011 motion to dismiss (Dkt. No. 14) be granted; and

16       2. The petition (Dkt. No. 1) be dismissed.

17       These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

19  one days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22  shall be served and filed within fourteen days after service of the objections.  The parties are

23  \\\\

24  \\\\

25  \\\\

26  \\\\

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

  Dated: December 9, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
crum0766.mtd